MHN

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HENRY JONES, JR., | ) |
| Plaintiff, | ) Case No. 09 C 3122 |
| v. | ) Magistrate Judge |
| | ) Martin C. Ashman |
| BULL MOOSE TUBE COMPANY, and UNITED STEEL WORKERS OF AMERICA UNION LOCAL 9777, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Henry Jones ("Jones") sued Bull Moose Tube Company ("Bull Moose") and United Steel Workers of America Union Local 9777 ("the Union") (collectively "Defendants"), under § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, for breach of the Union's duty to fairly represent Jones and for Bull Moose's breach of contract. Currently before this Court is Defendants' Motion to Dismiss ("Defendants' Motion" or "Motion to Dismiss"). The parties consented to have this Court conduct any and all proceedings in this case, including the entry of final judgment. 28 U.S.C. § 636(c); N.D. Ill. R. 73.1. For the reasons stated below, the Court grants Defendants' Motion.

### I. Background

This is Defendants' second motion to dismiss. The Court granted Defendants' first motion to dismiss Jones' original complaint without prejudice on October 26, 2009. *Jones v. Bull Moose*

*Tube Co.*, 2009 WL 3483804 (N.D. Ill. Oct. 26, 2009); (Dckt. 32). The Court gave Jones until November 16, 2009, (21 days) to file an amended complaint. Jones then filed his First Amended Complaint on November 13, 2009 ("Amended Complaint"). The Amended Complaint realleged the same cause of action. The Court therefore incorporates the facts and legal standards from its October 26, 2009, opinion, though it does, to guide the reader, recount the basic facts and legal standards where necessary. To the extent the factual allegations in the Amended Complaint differ, they are discussed in the substantive portions of this Opinion.

## II. Standard on a Motion to Dismiss

Under Federal Rule of Civil Procedure 8 ("Rule 8"), the plaintiff must file a complaint containing a short plain statement showing why the plaintiff is entitled to relief. FED. R. CIV. P. 8(a). A motion to dismiss tests the legal sufficiency of the complaint, not the merits of the claim. *Weiler v. Household Fin. Corp.*, 101 F.3d 519, 524 n.1 (7th Cir. 1996). As this Court has noted, the Supreme Court recently expounded upon the notice pleading standard articulated in *Conley v. Gibson*, 355 U.S. 41 (1957). *See Bull Moose*, 2009 WL 3483804, at *3 (discussing *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). Nevertheless, the notice pleading standard remains intact. *E.g., Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009).

To state a claim under Rule 8, the plaintiff cannot merely plead bare legal conclusions; the plaintiff must allege factual grounds that entitle it to relief. *Iqbal*, 129 S.Ct. at 1949. This standard is met if "[t]he complaint . . . contain[s] 'enough facts to state a claim to relief that is plausible on its face,' and . . . state[s] sufficient facts to raise a plaintiff's right to relief above the

speculative level." *Bissessur*, 581 F.3d at 602 (quoting *Twombly*, 550 U.S. at 570). That is, the plaintiff must state a "plausible claim for relief." *Iqbal*, 129 S.Ct. at 1950. A claim is plausible if the factual grounds pled permit a court to reasonably infer that the defendant is liable under the plaintiff's theory beyond some speculative level. *In re marchFIRST Inc.*, 589 F.3d 901, 905 (7th Cir. 2009); *Bissessur*, 581 F.3d at 602. The Court undertakes this context-specific inquiry, drawing on its experience and common sense for guidance. *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009) (quoting *Iqbal*, 129 S.Ct. at 1950).

### III. Discussion

#### A. Sufficiency of the Complaint

In this Court's previous decision, it stated the applicable law:

> Applying the *Iqbal* standard to Jones' complaint requires a brief foray into a legal environment inhabited by a non-living organism known as the "hybrid action."[1] The Court examines the nature of this claim here because it relates to the sufficiency of the facts alleged in the complaint. Jones claims both a breach of a duty of fair representation and a breach of contract. Because these causes of action are separate (one against the employer and one against the union) but "inextricably intertwined," the Supreme Court has called this type of claim a "hybrid action." *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164-65 (1983).
>
> To succeed on a hybrid claim against its employer, the plaintiff must show that the union breached its duty of fair representation. *McLeod v. Arrow Marine Transp., Inc.*, 258 F.3d 608, 613 (7th Cir. 2001). Exclusive bargaining representatives of employees have a "duty of fair representation," which means they must represent all of those employees in good faith and honestly, avoiding arbitrary conduct. *United Steel Workers of Am. v. Rawson*, 495 U.S. 373, 372-73 (1990). The union breaches this

---

[1] In this Opinion, the Court uses terms "hybrid action" and "hybrid claim" interchangeably.

> duty "'only when . . . [its] conduct toward a member of the
> collective bargaining unit is arbitrary, discriminatory, or in bad
> faith.'" *Id.* (quoting *Vaca v. Sipes*, 386 U.S. 171, 177 (1967));
> *McLeod*, 258 F.3d at 613. The court should assess each of these
> standards separately. *Garcia v. Zenith Elecs. Corp.*, 58 F.3d 1171,
> 1176 (7th Cir. 1995).

*Bull Moose*, 2009 WL 3483804, at *4.

These legal principles have not changed for this Motion to Dismiss. The only question is, has Jones amended his pleading to avoid dismissal? In other words, does Jones' Amended Complaint now plausibly state a claim that Defendants' conduct was arbitrary, discriminatory, or in bad faith? At oral argument, the Court asked what *new* allegations Jones had plead. He responded that paragraphs 51 and 61 of the Amended Complaint—the latter of which corresponds to paragraph 52 of the original complaint—contained new allegations, including that the Amended Complaint alleged that the Union failed to called certain witnesses. The first place to look, then, is paragraph 52 of the original complaint:

> 52. Defendant breached its duty to fairly represent Plaintiff at the arbitration hearing and demonstrated arbitrariness, discrimination, and bad faith as follows:
>
> A. Failing and refusing to focus on the key issue of Plaintiff's Grievance, that the Company did not have the right to force Plaintiff to train on the Slitter as a Stockman, a bid position;
>
> B. Failing and refusing to demand strict compliance with the plain language of the [CBA];
>
> C. Failing and refusing to call critical witnesses in support of Plaintiff's defense;
>
> D. Failing and refusing to introduce evidence of similarly situated non African-American's [*sic*] who were treated differently than Plaintiff; and

>       E.  Failing and refusing to advise Plaintiff that he was
> entitled to secure his own independent legal counsel to assist with
> his hearing.

(Original Compl. ¶ 52.) In this Court's previous opinion, it found these allegations insufficient to state a claim. *Bull Moose*, 2009 WL 3483804, at * 4–6. Thus, to determine whether the Amended Complaint faces a similar fate, the parties direct the Court's attention to the revised version of these allegations:

> 61.  Defendant Local 9777 breached its duty to fairly represent Plaintiff at the arbitration hearing and demonstrated arbitrariness, discrimination, and bad faith as follows:
>
>       A.  Deliberately refusing to focus on the key issue of Plaintiff's Grievance, that the Company did not have the right to force Plaintiff to train on the Slitter as a Stockman, a bid position;
>
>       B.  Deliberately ignoring Plaintiff's requirement that he be defended on the basis of his Grievance;
>
>       C.  Failing and refusing to demand strict compliance with the plain language of the [CBA];
>
>       D.  Failing and refusing to call critical witnesses in support of Plaintiff's defense;
>
>       E.  Failing and refusing to advise Plaintiff that he was entitled to secure his own independent legal counsel to assist with his hearing.

(Am. Compl. ¶ 61.) The Amended Complaint merely restates the allegations from the original complaint using the term "deliberately." That is not sufficient. It amounts to a claim that the Defendants deliberately chose to pursue a certain legal case; i.e., that they "missed the point" when they failed to argue a certain way. As the Court stated in its previous opinion, this amounts to a claim of negligence.

Additionally, the fact that Jones also pled that certain witnesses weren't called is of no moment. (Am. Compl. ¶ 61(D).) This is not a new allegation; it is identical to the one Jones pled in his original complaint. As this Court noted in its previous opinion: "[the Union] has discretion to act in consideration of such factors as the wise allocation of its own resources, its relationship with other employees, and its relationship with the employer." *Bull Moose*, 2009 WL 3483804, at *4 (citing *Rupe v. Spector Freight Sys., Inc.*, 679 F.2d 685, 691 (7th Cir.1982)). Calling (or failing to call) witnesses certainly falls under this proposition's reach—especially when the plaintiff does not allege to what those witnesses will testify, or how the witnesses' testimony will show that the Union's actions were arbitrary, discriminatory, or in bad fath. That's exactly what happened here: Jones failed to allege in his Amended Complaint—and has not argued in his brief that there exist—any facts about the witnesses or their potential testimony. Therefore, this allegation remains insufficient.

The last place Jones contends his Amended Complaint states new allegations sufficient to state a cause of action is paragraph 51, which states:

> Plaintiff and Steve Kramer became very angry at each other, and in fact at the March 8, 2008, meeting Plaintiff shouted to Kramer, "*You're not gonna sell me out*," referencing Kramer's underlying cooperation with the Company to confirm Plaintiff's termination, a perceived problem employee at the Company.

(Am. Compl. ¶ 51.) This allegation, however, does not allege any facts that support a claim of collusion or arbitrary or discriminatory conduct. At best, it shows that Jones had an argument with his Union representative and that *Jones thought* his Union representative may have been colluding with the employer to discharge Jones. But this reading of the allegation—and this is a liberal reading—still fails to allege that the Union representative *in fact* colluded with the

employer. In other words, Jones pled what *he thought*; he did not plead the actual allegation required: that collusion existed.

B.  **Statute of Limitations**

Although the Court already found Jones' Amended Complaint insufficient, Defendants make an alternative argument, which the Court addresses briefly. Defendants contend that Jones' Amended Complaint is barred by the statute of limitations.

Both parties agree that the statute of limitations on a hybrid claim is six months. *Johnson v. Artim Transp. Sys., Inc.*, 826 F.2d 538, 550 (7th Cir. 1987); (Defs.' Mot. 4; Pl.'s Resp. 4). The statute starts to run "when the claimant discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged [breach of duty]." *Steffens v. Bhd. of Ry., Airline and S.S. Clerks, Freight Handlers, Express and Station Employees*, 797 F.2d 442, 446 (7th Cir. 1986) (quoting *Dozier v. Trans World Airlines, Inc.*, 760 F.2d 849, 851 (7th Cir. 1985)).[2] Defendants initially argue that Jones should have known about his claim on September 5, 2008, when "the company and the union arbitrated [Jones'] grievance." (Defs.' Mot. 4.)

The Court, however, need not decide that question because the parties agree that, at the latest, the statute of limitations began to run on November 11, 2008, the date on which the

---

[2] The *Steffens* court found that the statute of limitations started to run when the arbitrator reached a final, binding decision. 797 F.2d at 446–47.

arbitrator issued a decision.[3] If the statute of limitations ran continuously from that date forward, Jones' Amended Complaint, which he filed on February 13, 2009, would be barred by the statute of limitations.

Disputing the validity of each other's position, the parties focus on different legal theories—and, as became apparent at oral argument, frequently talk past each other. Jones argues that the statute of limitations stopped running on his hybrid claim when he filed his original complaint on May 22, 2009. As a result, the statute of limitations did not bar his claim after the Court dismissed his original complaint because his Amended Complaint "relates back" to the original under Federal Rule of Civil Procedure 15(c)(1)(b).

Defendants contend that *Elmore v. Henderson*, 227 F.3d 1009 (7th Cir. 2000), governs and that, under its holding, the statute of limitations has run. In *Elmore*, the Seventh Circuit held the statute of limitations is not tolled when a court dismisses a suit without prejudice; it continues to run as of the date when the cause of action accrued. *Id.* at 1011 (holding that, when "[a] suit is dismissed without prejudice[,] . . . the tolling effect of the filing of the suit is wiped out and the statute of limitations is deemed to have continued running from whenever the cause of action accrued, without interruption by that filing.") "In other words, a suit dismissed without prejudice is treated for statute of limitations purposes as if it had never been filed." *Id.* The purpose of this holding, stated the Seventh Circuit, was to disallow plaintiffs to sit on their claims indefinitely after a dismissal without prejudice—a problem that looms large in cases where the plaintiff voluntarily dismisses his own complaint. *Id.*

---

[3] Because the Court finds that the statute of limitations has run on Jones' claim accruing on November 11, 2008, it need not consider whether the statute of limitations would have run on a claim accruing on September 5, 2008.

Jones attempts to distinguish *Elmore* on the grounds that the relation back doctrine was not at issue, and that *Elmore* concerned the principle of equitable tolling, which, he contends, is inapplicable to this case. (Pl.'s Resp. 5.) The Court does not understand why Jones would make the latter argument, as the Seventh Circuit held that "[t]here are defenses to the statute of limitations, and . . . equitable tolling [i]s one of them." *Elmore*, 227 F.3d at 1013. Indeed, equitable tolling is a defense that "mitigate[s]" the "severity" of the rule enunciated in *Elmore*. *Id.* at 1011. Instead of distinguishing the case on this ground, Jones should have been arguing, in the alternative, that the doctrine applied. Because he failed to do so, the Court does not consider this argument.

The former argument—that *Elmore* did not concern the relation back doctrine—is true, though it's a distinguishing fact that makes no difference. Jones is the one who shows why by citing a case that explicitly refutes his position.[4] (Pl.'s Resp. 6 (citing *Newell v. Hanks*, 283 F.3d 827 (7th Cir. 2002)).) Jones quotes the language of an explanatory parenthetical in *Newell*, in which the Seventh Circuit described the First Circuit as holding that the "'relation back' doctrine [was] inapplicable where dismissal of initial habeas corpus petition left nothing for the new

---

[4] Jones actually does this more than once. He also cites *Hunt ex rel. Chiovari v. Dart*, 612 F. Supp. 2d 969 (N.D. Ill. 2009), which he says "nicely summarizes the fundamental principles in reviewing the statute of limitations defenses." (Pl.'s Resp. 6.) He then quotes a paragraph, but two sentences stand out: "The 'relation back' doctrine is not designed to trump or evade applicable statutes of limitations. Its purpose is to allow a merits-based determination of cases, rather than to have the outcome decided by a hyper-technical pleading defect such as the misidentification of a party." (*Id.* at 7 (quoting *Chiovari*, 612 F. Supp. at 981 (citations omitted))). Those sentences explain, as does the rest of the omitted quoted passage, that the relation back doctrine does not help Jones. This is not a case where Jones misidentified a party, FED. R. CIV. P. 15(1)(C), or needed to add a related claim by *amending* an *existing* complaint. FED. R. CIV. P. 15(1)(B). Here, Jones' original complaint has been dismissed, which means, under *Elmore*, that the complaint had never been filed. Therefore, the Amended Complaint cannot relate back to the original complaint, which, legally speaking, was never filed.

petition to relate back to." (Pl.'s Resp. 6 (quoting *Newell*, 283 F.3d at 834 (citing *Neverson v. Bissonnette*, 261 F.3d 120, 126 (1st Cir. 2001)))).)[5] That citation is preceded by this sentence: "The [district] court proceed[ed] along the assumption that [the plaintiff's] original petition was dismissed, but if that is the case, the 'relation back' doctrine simply does not apply." *Newell*, 283 F.3d at 834. This statement is clear: relation back does not apply to complaints dismissed without prejudice. *Elmore* stands for the principle that once a complaint is dismissed without prejudice, it is as if the complaint had never been filed. 227 F.3d at 1011. Thus, the statute of limitations continues to run as if the complaint was never filed. The "relation back" doctrine does not apply because, as Jones himself notes, there is nothing to which the complaint can relate back. Thus, Jones is incorrect that the relation back principle applies here, where the Court dismissed his original complaint without prejudice.

Finally, the Court notes that Jones also could have appealed the Court's original dismissal of his complaint without prejudice. *Muzikowski v. Paramount Pictures Corp.*, 332 F.3d 918, 923 (7th Cir. 2003) (holding that the law allows an appeal from the dismissal without prejudice where "a new suit would be barred by the statute of limitations").[6] He chose not to. Instead, he filed his

---

[5] Although Jones states that the *Newell* court explained that the "[d]istrict [c]ourt should have applied tolling principles instead of relation back," he continues to argue that the relation back doctrine applies. (Pl.'s Resp. 6.)

[6] The Court also notes that the Seventh Circuit based its ruling in *Elmore* on concern that, if the statute of limitations stopped running on date the plaintiff filed a complaint—even after being dismissed without prejudice—the statute of limitations "would be easily nullified." 227 F.3d at 1011. That concern is mitigated, if not defeated, where the court dismisses a complaint without prejudice but imposes a reasonable time period in which the plaintiff must file an amended complaint. Since Jones did not argue this point, the Court does not rule on it here.

Amended Complaint outside the statutory period and failed to present this Court with any valid arguments as to why the statute of limitations has not expired.

### IV. Conclusion

Based on the foregoing, the Court grants Defendants' Motion to Dismiss with prejudice.

**ENTER ORDER:**

_[signature]_
**MARTIN C. ASHMAN**
United States Magistrate Judge

Dated: April 26, 2010.